O

# United States District Court
# Central District of California

| | |
|---|---|
| PHIL SPARKS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NBC E-ONLINE,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-05549-ODW (SPx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT AND MOTION FOR RELIEF FROM JUDGMENT [11] [14]** |

## I.  INTRODUCTION

On June 23, 2020, *pro se* Plaintiff Phil Sparks filed a Complaint with a single cause of action titled "Independent Action for Relief for Fraud Upon the Court," purportedly pursuant to Federal Rule of Civil Procedure ("Rule") 60(d)(3). (Compl., ECF No. 1.)  On August 3, 2020, the Court dismissed the Complaint *sua sponte*. (Min. Order Dismissing Compl., ECF No. 10.)  Sparks now moves to vacate the dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) or, alternatively, for relief from the Court's dismissal pursuant to Rule 60(b)(6). (Mot. to Alter J., ECF No. 11; Mot. for Relief, ECF No. 14.)  For the reasons discussed below, the Court **DENIES** Sparks's Motions.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In July 2012, Sparks was served with a temporary restraining order, which required him to stay away from the singer Sheryl Crow based on her claims Sparks was a dangerous cyber-stalker. (*See* Compl. ¶¶ 28, 30.) During a hearing on the restraining order, Sparks testified that "Sheryl Crow was . . . a good friend" who "stole two million [dollars] from him." (*Id.* ¶ 40.) Crow's witness, Dr. David Glaser, opined that Sparks was "dangerous" and "delusional." (*Id.* ¶ 30.) According to Sparks, Glaser "failed to present any documents backing up his diagnosis" and was unqualified to give that opinion because he misrepresented his qualifications to the court. (*Id.* ¶¶ 30, 51.) Ultimately, the court ruled in Crow's favor and granted her a permanent restraining order against Sparks. (*See id.* ¶ 46.)

The next day, NBC E-Online allegedly published an article stating Sparks was "guilty" of stalking Crow and quoted Dr. Glaser's opinion that Sparks was dangerous and delusional. (*Id.* ¶¶ 48, 49.) Thus, on April 15, 2013, Sparks filed a lawsuit against NBC E-Online for libel and intentional infliction of emotional distress, in the Los Angeles County Superior Court. (*See id.*) NBC E-Online filed a special motion to strike Sparks's claims, which the superior court granted. (*Id.* ¶¶ 56, 66.) Sparks then filed a motion to vacate that judgment, which the superior court denied on res judicata grounds. (*Id.* ¶¶ 67, 68.) The superior court also placed Sparks on its vexatious litigant list. (*Id.* ¶ 69.) Sparks appealed to the California Court of Appeal, arguing that the superior court judge committed "fraud upon the court" and destroyed Sparks's due process. (*Id.* ¶ 72.) The appeal was dismissed as frivolous. (*Id.* ¶ 77.)

Several years later, on June 23, 2020, Sparks initiated the instant action in this Court against NBC E-Online, asserting an "Independent Action for Relief for Fraud Upon the Court" pursuant to Rule 60(d)(3). (*See generally id.*) In the Complaint, Sparks sought various forms of relief, including: (1) review of the Los Angeles Superior Court order granting NBC E-Online's anti-SLAPP motion against Sparks; (2) a judgment removing Sparks from the vexatious litigant list; (3) fifty million

dollars from NBC E-Online; (4) a declaration that NBC E-Online and the presiding judge from the state-court action are "guilty of fraud upon the court"; and (5) injunctive relief. (*Id.*, Prayer for Relief.)

The Court ordered Sparks to show cause why subject matter jurisdiction existed over the case. (Min. Order to Show Cause, ECF No. 6.) In his Response, Sparks claimed jurisdiction was proper based on the *Rooker-Feldman* doctrine. (Response, ECF No. 9.) On August 3, 2020, the Court explained that the *Rooker-Feldman* doctrine "does not authorize district courts to exercise appellate jurisdiction over state-court judgments." (Min. Order Dismissing Compl., ECF No. 10 (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002)).) Accordingly, the Court dismissed the action and closed the case. (*See id.*)

Sparks now moves to vacate the dismissal pursuant to Rule 59(e), or in the alternative, relief from the dismissal under Rule 60(b)(6). (Mot. to Alter J.; Mot for Relief.)

## III. LEGAL STANDARD

### A. Rule 59(e)

Under Rule 59(e), a party may move to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A motion seeking to vacate an order of dismissal, even where no judgment was entered, is properly brought under Rule 59(e). *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1995) ("[O]ur precedents require that we treat a motion to vacate an order of dismissal as a Rule 59(e) motion."). However, the motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised" prior to dismissal. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A Rule 59(e) motion may be granted: (1) "to correct manifest errors of law or fact"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Relief under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). District courts have considerable discretion in granting or denying Rule 59(e) motions. *Id.*

**B. Rule 60(b)(6)**

Under Rule 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting Fed. R. Civ. P. 60(b)(6)). Motion for relief pursuant to Rule 60(b) "are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). However, "the Rule is used sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted).

Pursuant to Local Rule 7-18, "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of . . . the original motion." C.D. Cal. L.R. 7-18. Grounds for a motion for reconsideration are limited to a material difference in fact or law, the emergence of new facts or law, or a manifest failure to consider material facts. *Id.* "Displeasure with the outcome alone is insufficient; unless the moving party shows that one of the factors exist, the court will not grant reconsideration." *Stewards v. Wilkie*, No. 2:18-cv-01887-ODW (SKx), 2020 WL 4286871, at *2 (C.D. Cal. July 27, 2020).

## IV. DISCUSSION

Sparks moves under Rules 59(e) and 60(b)(6) to vacate the Court's Order dismissing his Complaint for lack of subject matter jurisdiction, or alternatively, for relief from the dismissal. (*See* Mot. to Alter J.; Mot. for Relief.) The Court addresses the Motions in turn.

**A. Motion to Vacate Dismissal**

The Court dismissed Sparks's Complaint because it was barred by the *Rooker-Feldman* Doctrine. (Min. Order Dismissing Compl.) In his Rule 59(e) Motion,

Sparks argues that the Court's dismissal was in error because he alleged that there was fraud upon the court in the state-court action. (Motion to Alter Judgment 2–9, 15.) Thus, he requests that the Court exercise its discretion and vacate his dismissal. (*See generally id.*)

The *Rooker-Feldman* doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). For *Rooker-Feldman* to apply, "a plaintiff must seek . . . to set aside a state court judgment [and] allege a legal error by the state court as the basis for that relief." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). An exception to *Rooker-Feldman* exists where a plaintiff alleges that there was extrinsic fraud on the state court. *Id.* "A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he . . . is alleging a wrongful act by the adverse party. *Id.* (explaining that "[e]xtrinsic fraud is conduct which prevents a party from presenting his claim in court.").

Here, based on the allegations in Sparks's Complaint, and his Response to the Court's Order to Show Cause, the Court determined that Sparks did not plausibly allege facts showing that an adverse party committed an extrinsic fraud on the state court. Accordingly, the Court dismissed his Complaint because it merely sought to set aside a state-court judgment based on a purported legal error—a textbook example of a case barred by *Rooker-Feldman*. (*See* Min. Order Dismissing Compl.)

Now, Sparks again argues the Los Angeles Superior Court judge and NBC E-Online's defense counsel were involved in a scheme to "trick the court" into believing his complaints in the state court were frivolous. (Mot. to Alter J. 12, 15.) He again claims that this demonstrates there was "extrinsic fraud" in the state court, and thus the *Rooker-Feldman* doctrine does not bar this Court's jurisdiction. (*See, e.g., id.* at 9 ("But the plaintiff Sparks['s] case of extrinsic fraud on the court and the evidence

submitted by Sparks shows an egregious case of judicial fraud, that both the defense lawyers and the presiding judge, knowingly and willingly participated in a scheme that not only harmed the judicial process but destroyed it.").)

A motion brought under Rule 59(e) may not be used to relitigate old matters. *Exxon Shipping Co.*, 554 U.S. at 485 n.5. And that is exactly what Sparks requests through his Motion—that the Court reconsider its determination that *Rooker-Feldman* barred his action. (*See generally* Mot. to Alter J.) Sparks makes no attempt to demonstrate that extraordinary relief is required under Rule 59(e) because of manifest errors of law or fact, newly discovered evidence, manifest injustice, or an intervening change in controlling law. *See Allstate Ins. Co.*, 634 F.3d at 1111. Therefore, the Court declines to vacate the order dismissing the Complaint.

In sum, Sparks presents no grounds for relief under Rule 59(e). As such, the Court **DENIES** Sparks's Motion to Alter Judgment.

### B.     Motion for Relief from Dismissal

In Sparks's Rule 60(b)(6) Motion, he reiterates the same argument in his Complaint, Response, and Rule 59(e) Motion—that NBC E-Online's state court judgment was obtained by extrinsic fraud. (*See generally* Mot. for Relief.) He also contends that this Court is now part of a different scheme to dismiss his Complaint. (*Id.* at 8 ("[T]his Court is trying to 'deceive' this Court [sic] to obtain a judgment for the defense to dismiss a legitimate claim of action by means of trickery and deceit.").)

At most, Sparks demonstrates that he vehemently disagrees with the Court's dismissal of his action. But Sparks's dissatisfaction with the Court's ruling does not warrant relief under Rule 60(b)(6). *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."). Accordingly, Sparks's Rule 60(b)(6) Motion for Relief is **DENIED**.

## V. CONCLUSION

In summary, the Court **DENIES** Spark's Motions. (ECF Nos. 11, 14).

**IT IS SO ORDERED.**

March 8, 2021

                                **OTIS D. WRIGHT, II**
                              **UNITED STATES DISTRICT JUDGE**